MILLS, Judge.
The Department of Professional Regulation and the Board of Psychological Examiners appeal an interlocutory order enjoining them from enforcing the provisions of Chapter 490, Florida Statutes.
The Florida Psychological Practitioners Association (FPPA) filed a complaint seeking to have Chapter 490, Florida Statutes, declared unconstitutional and to have the Department of Professional Regulation (DPR) and the Board of Psychological Examiners (BPE) enjoined from enforcing the provisions of the statute during the pend-ency of the action.
A motion for preliminary injunction was filed and a hearing held. Following the hearing the judge issued a restraining order.
The FPPA represents and certifies psychologists, psychotherapists, and mental health counselors. Prior to the passage by the legislature of Chapter 81-235, Laws of Florida, 1981, which became Chapter 490, members of the FPPA were actively and legally engaged in the practice of their respective professions.
Following passage of Chapter 490, any person not licensed under the chapter is prohibited from using any title or description incorporating the words: psychologist, psychology, psychological, school psychologist, psychotherapy, clinical social worker, licensed social worker, psychiatric social worker, mental counseling, marriage therapist, marriage counselor, marriage consultant, family therapist, family counselor, sex therapist, or sex counselor.
DPR and BPE argue that the essential requirements necessary for the issuance of a temporary injunction are not met by FPPA’s motion. We disagree. We believe that the trial judge did not err in finding the motion and supporting documents adequate for issuance of the injunction.
DPR and BPE further argue that the failure of the judge to require bond was reversible error. Yet when the judge, after hearing oral testimony and argument, decided to issue the injunction, he requested that counsel for all parties cooperate in the drafting of an order. It is inappropriate that attorneys for DPR and BPE now challenge the form and verbiage of the order since they participated in its drafting and approved it prior to signing by the judge. If additional recitations, including the requirement of bond, were thought to be appropriate, the attorneys certainly had opportunity to have so provided.
In support of their argument that without bond an injunction cannot stand, appellants cite McGovern v. Amira, 328 So.2d 862 (Fla. 4th DCA 1976). But in McGovern the court simply remanded the case for posting of a bond. Here the FPPA has voluntarily posted bond. The defect is cured; the issue is moot.
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.